504 So.2d 1201 (1987)
Sarah Lee BROWN
v.
John P. MLADINEO, M.D.
No. 56402.
Supreme Court of Mississippi.
March 18, 1987.
Rehearing Denied April 22, 1987.
Jack R. Davis, Doug Wade, Jackson, for appellant.
Louis G. Baine, Jr., Louis G. Baine, III, Baine & Moore, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the court:
This is an appeal from a judgment of the Circuit Court of Hinds County directing a verdict for the defendant in this medical malpractice action.
In 1981 Sarah Lee Brown was suffering from an abdominal tumor. On March 25 of that year she entered Mississippi Baptist Medical Center in order to have this tumor removed by the defendant, Dr. John Mladineo, a specialist in obstetrical and gynecological surgery. Dr. Mladineo performed a total hysterectomy. The doctor believed her progress was satisfactory and discharged her on April 3, 1981. On April 10, one week after her discharge, Mrs. Brown found she was excreting feces through her vagina. She called Dr. Mladineo's office and was told to take a vinegar douche. However, she continued to experience bowel movements from her vagina. On April *1202 12, she went to the emergency room at Mississippi Baptist Medical Center, where she was seen by Dr. Helen Barnes, who diagnosed her as suffering from a rectovaginal fistula. In this condition an abnormal canal is formed between the rectum and vagina, causing feces to pass through the latter.
Mrs. Brown had the condition repaired by other surgeons; her bowels now function normally.
Mrs. Brown filed suit against Dr. Mladineo in the Circuit Court of Hinds County, alleging that the rectovaginal fistula was formed when Dr. Mladineo negligently put a stitch through Mrs. Brown's colon as he was sewing up after the hysterectomy. The complaint alleged this failed to meet the standards of medical practice in the community. Mrs. Brown sought medical expenses in the amount of $7,000 and other damages for physical pain and suffering and mental suffering, bringing the total damages sought to $100,000.
At trial the plaintiff's sole medical expert witness was Dr. John Cockrell, a pathologist and general surgeon residing in Jackson. After voir dire, the trial judge announced he refused to accept Dr. Cockrell as an expert witness because he did not "sufficiently have knowledge of the standards of care in Mississippi so far as it relates to gynecologic surgery." The defense immediately moved for a directed verdict, and since there was no other expert evidence for the plaintiff, the motion was sustained. The plaintiff then made a formal proffer of proof, in which Dr. Cockrell stated that if permitted to testify he would have said that Mrs. Brown's rectovaginal fistula was caused by an unrecognized injury to the rectum inflicted during the hysterectomy, and the infliction of such an injury during surgery was not in accord with the standard of care possessed by obsetricians and gynecologists practicing in Jackson at the time.
The only real issue in this appeal is whether the trial judge erred by excluding the testimony of Dr. Cockrell.
Dr. Cockrell was born in 1912; he received his M.D. from Columbia University in 1937. From 1943 to 1955 he was chief of surgery at three hospitals: Marine Hospital in Buffalo, Marine Hospital in Galveston, and Veterans Administration Hospital in Jackson. He was chief of staff at the VA Hospital from 1955 to 1968. He has taught pathology at the University of Mississippi Medical Center since 1971. He is a fellow of the American College of Surgeons and a diplomate of the American Board of Surgery. He has not himself performed surgery since 1955, but he testified that he keeps up with surgical literature.
We have ruled in a previous case that Dr. Cockrell was qualified as an expert in surgery. Pharr v. Anderson, 436 So.2d 1357 (Miss. 1983). Appellee contends that the result here should be different, since Dr. Cockrell is a general surgeon rather than a specialist in gynecological surgery.
The general rule as to expert testimony in medical malpractice actions is that "a specialist in a particular branch within a profession will not be required." C. McCormick, Evidence, § 13 (3d ed. 1984). Most courts allow a doctor to testify if they are satisfied of his familiarity with the standards of a specialty, though he may not practice the specialty himself. One court explained that "it is the scope of the witness' knowledge and not the artificial classification by title that should govern the threshold question of admissibility." Fitzmaurice v. Flynn, 167 Conn. 609, 356 A.2d 887, 892 (1975). See also, Cline v. Lund, 31 Cal. App.3d 755, 107 Cal. Rptr. 629, 637-38 (1973) (pathologist may testify as to ob/gyn surgical standards).
Appellee, however, insists that Mississippi applies a different rule. He relies on certain language in Hall v. Hilbun, 466 So.2d 856 (Miss. 1985), where we said:
A qualified medical expert may express an opinion regarding the conclusions ... minimally, knowledgeably competent physicians in the same field or specialty ... would draw or actions ... they *1203 would take. 466 So.2d at 874-75 (emphasis added).
It must be remembered, however, that in Hall, the challenged expert was a specialist, so the opinion naturally discussed the problem in terms of that specialty. It was not our intent to adopt a uniquely restrictive standard by holding that only a specialist can testify about the standards of his own specialty.
Under the facts of this case, it appears to us that the trial judge exceeded the bounds of his discretion when he excluded the testimony of Dr. Cockrell. Accordingly, the judgment must be reversed, and the case remanded for a full trial.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.