## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1998-CA-01231-SCT

*JOYCE SHEFFIELD*

*v.*

*DR. KEN GOODWIN, D.M.D., INDIVIDUALLY AND d/b/a KEN GOODWIN, D.M.D., P.A.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/23/1998 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | PRENTISS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GREGORY W. HARBISON |
| ATTORNEY FOR APPELLEE: | STEPHEN H. MORRIS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 5/6/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/27/99 |

**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. On August 18, 1995, appellant Joyce Sheffield filed a complaint against her dentist, Dr. Ken Goodwin, individually and Ken Goodwin, D.M.D., P.A. alleging medical malpractice. During discovery, Sheffield identified three physicians whom she expected to call as experts. One of the experts, Dr. Charles Wikle, was deposed and expressed the opinion that Dr. Goodwin was not negligent. She failed to produce testimony from the other named physicians.

¶2. Dr. Goodwin filed a motion for summary judgment based on Sheffield's failure to provide an expert's opinion. Sheffield responded with the affidavit of Patricia N. DuBard, a registered nurse and nurse practitioner, who expressed her opinion that Dr. Goodwin and Ken Goodwin, D.M.D., P.A. had been negligent. Dr. Goodwin filed a motion to strike DuBard's affidavit for lack of qualification as an expert in dental malpractice.

¶3. The Circuit Court of Prentiss County granted Dr. Goodwin's motion on March 25, 1998. She now appeals assigning the following as error:

> **I. WHETHER THE TRIAL COURT ERRED IN FINDING PATRICIA N. DUBARD UNQUALIFIED TO TESTIFY AS AN EXPERT.**

## II. WHETHER THE TRIAL COURT ERRED IN FAILING TO ALLOW THE MATTER TO PROCEED BASED ON THE "LAYMAN" EXCEPTION.

### STATEMENT OF THE FACTS

¶4. Dr. Ken Goodwin had long been Joyce Sheffield's dentist and had gained her confidence. On July 22, 1993, she had a sore tooth and went to Dr. Goodwin's office. She suggested he might pull the tooth and insert a bridge in its place. He disagreed and told her he believed he could save the tooth with a root canal. Dr. Goodwin gave Sheffield antibiotics, and she later returned for a partial root canal on July 27. She was then instructed to return in a month to complete the procedure. Within days, Sheffield began to suffer from severe pain and facial swelling and promptly returned to Dr. Goodwin's office earlier than expected. Dr. Goodwin did not examine the tooth but again prescribed antibiotics. Later that night her head swelled, and her face became discolored. When the pain became unbearable, her son took her to the emergency room at North Mississippi Medical Center where she was treated by Dr. Charles Wikle, a local oral surgeon. Dr. Wikle removed two of Sheffield's teeth. Two or three days later, Sheffield still had generalized pain and swelling. Nine of Sheffield's teeth were eventually extracted by Dr. Wikle during a two-day hospital stay.

### STANDARD OF REVIEW

¶5. A motion for summary judgment will be granted only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. ***Brown v. Credit Ctr., Inc.***, 444 So.2d 358, 362 (Miss. 1983); Miss. R.Civ.P. 56. To establish a prima facie case of medical negligence:

> "Mississippi case law demands that 'in a medical malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care'".

*Travis v. Stewart*, 680 So.2d 214, 218 (Miss. 1996)(*quoting* ***Phillips v. Hull***, 516 So. 2d 488, 491 (Miss. 1987)).

### I. WHETHER THE TRIAL COURT ERRED IN FINDING PATRICIA N. DUBARD UNQUALIFIED TO TESTIFY AS AN EXPERT.

¶6. Absent error so obvious that a layman could easily determine fault, expert testimony is generally required to survive summary judgment and establish the negligence of a physician. *Coleman v. Rice*, 706 So. 2d 696, 698-99 (Miss. 1997); *Travis,* 680 So.2d at 218; ***Palmer v. Anderson Infirmary Benevolent Ass'n***, 656 So.2d 790, 795 (Miss. 1995). A trial judge's determination as to whether a witness is qualified to testify as an expert is given the widest possible discretion and that decision will only be disturbed when there has been a clear abuse of discretion. ***Palmer v. Biloxi Reg'l Med. Ctr., Inc.***, 564 So. 2d 1346, 1357 (Miss. 1990). Such discretion deserves equal respect at the summary judgment stage and the trial stage. ***Id.***

¶7. Sheffield contends that Patricia N. DuBard's affidavit should not have been stricken and that she is qualified as an expert regarding Sheffield's infection and Dr. Goodwin's standard of care. Sheffield claims DuBard is competent to testify as to diagnosis of infection, treatment of infection, and damages as a result of failure to timely diagnose and treat infection. Sheffield notes that DuBard is a nurse practitioner and as such has the ability to prescribe and dispense antibiotics for infections. DuBard is also a registered nurse. The practices of a registered nurses are defined by statute:

The practice of nursing by a registered nurse means the performance for compensation of services which require substantial knowledge of the biological, physical, behavioral, psychological and sociological sciences and of nursing theory as the basis for assessment, diagnosis, planning, intervention and evaluation in the promotion and maintenance of health; management of individuals' responses to illness, injury or infirmity; the restoration of optimum function; or the achievement of a dignified death. Nursing practice includes, but is not limited to, administration, teaching, counseling, delegation and supervision of nursing, and execution of the medical regimen, including the administration of medications and treatments prescribed by any licensed or legally authorized physician or dentist. The foregoing shall not be deemed to include acts of medical diagnosis or prescriptions of medical, therapeutic or corrective measures, except as may be set forth by rules and regulations promulgated jointly by the state board of medical licensure and the Mississippi Board of Nursing and implemented by the Mississippi Board of Nursing.

Miss. Code Ann. § 73-15-5(2)(1995).

¶8. Though registered nurses and nurse practitioners possess broad skills, we find insufficient authority in nurse DuBard's experience and education to give an expert opinion as to the quality of care in this case. Her curriculum vitae fails to establish her qualification to render a medical opinion regarding the practice of dentistry or oral surgery.

¶9. The trial judge granted the motion to strike DuBard's affidavit finding:

She has extensive experience in emergency practice, as well as experience in surgery and family nursing. However, Ms. DuBard is not an oral surgeon nor a dentist, and she does not apparently claim any professional experience or training in dentistry, oral surgery or any related area. Nothing in her curriculum vitae or her affidavit indicates any special knowledge of the standard of care that would be applicable to Dr. Goodwin in his treatment of the plaintiff.

¶10. This Court has allowed one qualified as a pharmacologist and toxicologist to give expert testimony as to causation and the standard of care for physicians in prescribing a particular drug. *Thompson v. Carter*, 518 So. 2d 609, 615 (Miss. 1987). We recognized that qualification of an expert is not necessarily based on a particular degree. *Id.* at 614. We have often reiterated the general rule that "a specialist in a particular branch within a profession will not be required." *See West v. Sanders Clinic for Women, P.A.*, 661 So.2d 714, 718 (Miss. 1995)(*quoting Brown v. Mladineo*, 504 So. 2d 1201, 1202 (Miss. 1987)). However, in *Thompson*, we clarified this point:

This is not to say that every pharmacologist or toxicologist is qualified to testify as an expert to establish the physicians' standard of care. Only if the witness possesses scientific, technical, or specialized knowledge on a particular topic will he qualify as an expert on that topic. . . .

518 So.2d at 615.

¶11. While it is evident that Patricia DuBard has medical experience, it also evident that she does not possess specialized knowledge in dentistry, oral surgery, or in the treatment of dental infection. Nurse practitioners should not automatically be excluded from testifying. However, in this case we find the trial judge did not abuse his discretion in striking DuBard's affidavit, and we therefore must allow his decision to stand.

¶12. Sheffield alternatively contends that DuBard's testimony should be allowed to establish negligence by the nurses and staff of Ken Goodwin, DMD, P.A. However, neither Sheffield's complaint nor the affidavit entered by DuBard allege any negligence by Dr. Goodwin's staff.

## II. WHETHER THE TRIAL COURT ERRED IN FAILING TO ALLOW THE MATTER TO PROCEED BASED ON THE "LAYMAN" EXCEPTION.

¶13. In certain instances, a layman asked to evaluate a physician's negligence can "observe and understand the negligence as a matter of common sense and practical experience." *Palmer*, 656 So.2d at 795. For instance, a layman can understand without expert testimony that "the unauthorized and unexplained leaving of an object inside a patient during surgery is negligence." *Coleman*, 706 So. 2d at 698. However, "Lay testimony is sufficient to establish only those things that are purely factual in nature or thought to be in the common knowledge of laymen." *Id.*

¶14. We have upheld a decision that allowed only lay testimony as to whether an anesthetic was administered and whether an incision was made to establish a physician's negligence. *See Kelley v. Frederic*, 573 So. 2d 1385, 1388 (Miss. 1990). However, we have refused to allow only a father's testimony as to whether a circumcision was incorrectly performed as a basis for a physician's negligence. *Walker v. Skiwski*, 529 So.2d 184, 187 (Miss. 1988).

¶15. Sheffield contends that since Dr. Goodwin "did nothing" when she returned to his office complaining of pain and swelling, it is obvious that he was negligent. Sheffield cites Dr. Goodwin's testimony concerning the date in question. However, Dr. Goodwin testified:

> . . . in those kind of situations, when you've done everything that you can do to make sure that the inside of the tooth is clean, then you must assume that there is an area of infection still present in the bony area surrounding the end of the tooth root. And that's what I assumed at this point. And we treated her again with the broad spectrum antibiotic and Mepergan Fortis, which is an oral form of Demerol.

Sheffield's assertion that Dr. Goodwin "did nothing" is disputed by the passage on which she relies. She received additional treatment. Diagnosing symptoms and prescribing antibiotics is beyond the "common knowledge of laymen." The layman exception does not apply in this case.

## CONCLUSION

¶16. A motion for summary judgment will be granted only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Brown,* 444 So.2d at 362. Our general rule provides that "in a medical malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care." *Travis*, 680 So. 2d at 218. The only exception exists when a layman can make a determination based on common sense and practical experience. *Coleman,* 706 So. 2d at 699 (*quoting Erby v. North Miss. Med. Ctr.*, 654 So. 2d 495, 500 (Miss. 1995)).

¶17. Since counsel for Sheffield failed to present an expert qualified to establish negligent conduct by Dr. Goodwin and the determination required an expert, there were no material facts to be decided. Even Sheffield's own designated expert, Dr. Wikle, expressed the opinion that Dr. Goodwin was not negligent.

The lower court correctly struck the nurse's affidavit and granted summary judgment in favor of Dr. Goodwin and Ken Goodwin, DMD, P.A.

¶18. For these reasons, we affirm the judgment of the Prentiss County Circuit Court.

¶19. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**