487 So.2d 203 (1986)
James A. COLE
v.
Christopher E. WIGGINS, M.D.
No. 55453.
Supreme Court of Mississippi.
April 9, 1986.
*204 F. Gerald Maples, Moore, Maples & Lomax, Pascagoula, for appellant.
James H. Heidelberg, Bryant, Stennis & Colingo, Pascagoula, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
The extent to which a trial judge may impose restrictions by protective order upon the deposing of a party litigant is the subject of this appeal. James A. Cole, plaintiff/appellant, sued Christopher E. Wiggins, M.D. in the Circuit Court of Jackson County alleging medical malpractice. From the granting of a motion for summary judgment, plaintiff appeals and assigns the following as error:
(1) The circuit court erred when it prevented the appellant from taking the deposition of the appellee by order of the circuit court dated July 15, 1983, and filed July 15, 1983.
(2) The circuit court erred in refusing to allow the plaintiff to call the defendant as a witness upon the hearing of the motion for summary judgment or in the alternative to continue the hearing on the motion until the appellee's deposition could be taken.
(3) The circuit court erred in granting the defendant's motion for summary judgment since a genuine issue of material fact exists and the requisites necessary under rule 56(c) of the Mississippi Rules of Civil Procedure to grant a motion for summary judgment were not satisfied by the appellee.
This Court reverses and remands for further proceedings.

I.
On January 20, 1981, appellant, James A. Cole, suffered a severe injury to his left index finger while operating a saw at Ingalls Shipbuilding Division in Pascagoula, Mississippi. Mr. Cole was taken to the Singing River Hospital Emergency Room where he was treated by Dr. Christopher E. Wiggins, an orthopedic surgeon.
After signing two authorization forms Mr. Cole was taken into surgery where his entire left index finger was amputated. Mr. Cole brought this suit claiming two theories of liability: (1) that he was never informed that his entire finger might be amputated and (2) that he never gave his informed consent thereto. Furthermore, he contends that the actions taken by Dr. Wiggins in amputating his entire finger constituted medical malpractice. Mr. Cole claims that Dr. Wiggins informed him that if the partially severed portion of his finger could not be salvaged, the finger would be amputated at the middle joint.
Conversely, Dr. Wiggins contends Mr. Cole was completely informed of the possible results of the surgery. He claims it was impossible to salvage the severed portion of the finger and, in order to avoid future pain and complication, it was necessary to amputate the entire finger.
*205 During discovery the defendant, Dr. Wiggins, propounded interrogatories requesting the names of any expert witnesses upon which plaintiff intended to rely. Three months later, pursuant to an order compelling an answer to defendant's interrogatories, the plaintiff answered that no experts had been retained and that the answer would be supplemented if appropriate in the future.
Six weeks later, the plaintiff attempted to depose the defendant, but upon notice of the deposition, the defendant moved for and was granted a protective order pursuant to rule 26(d) of the Mississippi Rules of Civil Procedure. The order stated that the plaintiff was prohibited from taking the deposition of Dr. Wiggins until the plaintiff provided the name of an expert witness and responded to the defendant's interrogatories. The plaintiff was unsuccessful in seeking a reconsideration of that ruling.
Thereafter, Dr. Wiggins filed a motion for summary judgment.[1] At the hearing on the motion, plaintiff attempted to call Dr. Wiggins as an adverse witness but the court refused to allow such and granted the motion for summary judgment.
Feeling aggrieved, the plaintiff now perfects this appeal.

II.

Did the circuit court err in preventing the appellant from taking the deposition of the appellee?
As mentioned before, the defendant propounded interrogatories to the plaintiff asking for the names of any expert witnesses upon whom the plaintiff intended to rely. The plaintiff responded he had retained no expert witnesses at that time. The plaintiff then sought to depose the defendant, Dr. Wiggins, but Dr. Wiggins moved for and was granted a protective order prohibiting the plaintiff from deposing him until the plaintiff produced expert witnesses and the defendant was allowed to depose them. The motion for the protective order stated in part:
To allow the Plaintiff to take the deposition of the Defendant, Christopher E. Wiggins, M.D., in the absence of any expert witnesses to testify against him to support the Plaintiff's contention that said Defendant did, in fact, deviate from the generally accepted standard of care in his treatment of the Plaintiff would serve no purpose other than to annoy, embarrass, oppress, and place an undue burden and expense on the Defendant when the Plaintiff does not have a legitimate cause of action against this answering Defendant.
In granting the protective order, the court apparently reasoned that expert testimony was necessary for the plaintiff to prove his claim of malpractice. In turn, the court refused to take seriously the malpractice claim of the plaintiff until he retained an expert to substantiate the claims. The rationale behind the order was that in a medical malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care. Clayton v. Thompson, 475 So.2d 439, 443 (Miss. 1985); Kilpatrick v. Mississippi Baptist Medical Center, 461 So.2d 765 (Miss. 1984). Following that rationale, the court issued the protective order so that the defendant would not be annoyed.
Overlooked in that ruling was the fact that the plaintiff was also alleging Dr. Wiggins never received plaintiff's informed consent to amputate his entire finger. A physician is under a duty under some circumstances to warn his patient of the known risks of proposed treatment or surgery, so that the patient will be in a position to make an intelligent decision as to whether he will submit to such treatment or surgery. Ross v. Hodges, 234 So.2d 905 (Miss. 1970). See also In Re Brown, 478 *206 So.2d 1033 (Miss. 1985); Reikes v. Martin, 471 So.2d 385 (Miss. 1985); Miss. Code Ann. § 41-41-3 (Supp. 1985).
No expert testimony was required to establish what communication transpired between Mr. Cole and Dr. Wiggins. "[M]atters which are within the common knowledge of laymen are exceptions to the rule that expert medical testimony is required." Hammond v. Grissom, 470 So.2d 1049, 1053 (Miss. 1985); Radiology of Tupelo, P.A. and Dr. James T. Trapp v. Cayson, 471 So.2d 375 (Miss. 1985).
This Court is of the opinion that the trial judge erred in issuing the protective order for two reasons. First, the plaintiff did answer the interrogatories propounded by the defendant. Mr. Cole's answer was that no expert witnesses had been retained and that the answer would be supplemented if it became necessary. That answer was a sufficient compliance with the interrogatory. Needless to say, had the answer not been supplemented timely before trial, the expert would not have been permitted to testify. Square D Company v. Edwards, 419 So.2d 1327 (Miss. 1982); Huff v. Polk, 408 So.2d 1368 (Miss. 1982).
Second, the plaintiff conceivably could have made out his case by the doctor's deposition without other expert testimony. See Pharr v. Anderson, 436 So.2d 1357, 1361 (Miss. 1983).

III.

Did the circuit court err in refusing to allow the plaintiff to call the defendant as a witness upon the hearing of the motion for summary judgment?
Rule 43(e) of the Mississippi Rules of Civil Procedure states:
When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.
Appellant argues he should have been allowed to question Dr. Wiggins because the oral testimony would have been of significant assistance to the court, and it was the only opportunity that he had to examine the appellee.
The appellee answers that the affidavits speak directly and clearly and that the appellant was simply trying to avoid the requirements necessary to even make out a basis for his claim. Trial judges are cautioned, however, in permitting a defendant to submit an affidavit defending himself, but denying a plaintiff the opportunity for cross-examination  at least before granting summary judgment. A plaintiff may be able to make his case on cross-examination either in deposition or at trial. Therefore, the Court holds that the appellant should have been allowed to examine the defendant as a witness at the hearing on the motion for summary judgment.[2]

IV.

Did the circuit court err in granting the defendant's motion for summary judgment?
The plaintiff stated two issues in his complaint: (1) Whether the doctor received the informed consent of the patient for the entire procedure performed and (2) Whether the doctor was negligent in performing the procedures. As discussed previously, expert medical testimony is needed to establish negligence in a malpractice action. Kilpatrick, 461 So.2d at 765. However, no expert testimony is needed to prove what communications transpired between the doctor and the patient. Hammond v. Grissom, 470 So.2d at 1053.
Motions for summary judgment are governed by rule 56 of the Mississippi Rules of *207 Civil Procedure. Rule 56 states in pertinent part, "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." The comments to rule 56 explain, "Rule 56 permits any party to a civil action to move for a summary judgment when he believes that there is no genuine issue of material fact and that he is entitled to prevail as a matter of law."
The absence of an expert witness to testify that Dr. Wiggins was negligent clearly led to the summary judgment on the negligence question. But what about the question of informed consent? In his affidavit, Dr. Wiggins stated he fully informed the plaintiff of the procedures to be performed and that the plaintiff fully understood them. In contrast, the plaintiff stated in his affidavit that amputation of the entire left index finger was never mentioned to him and that he never consented thereto.
Mississippi case law holds, "Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says just the opposite." Dennis v. Searle, 457 So.2d 941, 944 (Miss. 1984). Those facts are exactly what is presented in the instant case. "If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial." Brown v. Credit Center, Inc., 444 So.2d 358, 363 (Miss. 1983).
Additionally, the plaintiff alleges he did not give an informed consent, although the record shows his signature.
This Court is of the opinion that the issuance of the protective order against the plaintiff's taking of the defendant's deposition was in error as well as the granting of summary judgment on these developed facts. The circuit court order is reversed and the cause remanded to the Circuit Court of Jackson County for further proceedings not inconsistent with his opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, P.J., not participating.
NOTES
[1] It is noted that different judges heard the motion for protective order and the motion for summary judgment. It is also noted that preliminary hearings are often heard by different trial judges, but where it is possible the assignment of a case to only one judge may prove advantageous.
[2] Another alternative available to the trial court was to invoke Rule 56(f), Mississippi Rules of Civil Procedure. Rule 56(f) states:

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.