529 So.2d 184 (1988)
Herman J. WALKER, Jr., By and Through his Next Friend, Herman J. WALKER, and Herman J. Walker
v.
Jacob SKIWSKI.
No. 58131.
Supreme Court of Mississippi.
August 3, 1988.
William L. Bambach, Columbus, for appellants.
Taylor B. Smith, Threadgill, Smith, Sanders & Jolly, Columbus, for appellee.
Before ROBERTSON, GRIFFIN and ZUCCARO, JJ.
ROBERTSON, Justice, for the Court:

I.
This is a medical malpractice case. The trial court granted a physician's motion for summary judgment. The case turns on a combined interaction of our rules regarding a physician's duty of care and as well the procedural requisites for successful opposition to a motion for summary judgment. Because of the strength of the physician's showing coupled with the plaintiff patient's failure to support his opposition with a non-hearsay expert opinion that the physician here sued was negligent, the Circuit *185 Court was correct in entering judgment summarily for the physician. We affirm.

II.
On March 22, 1984, Herman J. Walker engaged the services of Dr. Jacob Skiwski to perform a circumcision on Walker's infant son, Herman, Jr. Skiwski is a licensed practicing physician having his office in Columbus, Mississippi, and specializing in the field of pediatrics. As fate would have it, all was not well following the surgery as young Walker experienced considerable pain and discomfort. He ultimately had to undergo corrective surgery on his penis.
On March 11, 1986, Herman J. Walker, Jr., by and through his father and next friend, Herman J. Walker, commenced this civil action by filing his complaint in the Circuit Court of Lowndes County, Mississippi. The senior Walker joined as a plaintiff and demanded his medical and other expenses. Dr. Skiwski was named as the sole defendant.
The complaint in substance charged that Skiwski had been engaged to perform the circumcision, that he had done so in a negligent and improper manner, in consequence of which young Walker experienced great pain and discomfort and required substantial additional medical and surgical services. The complaint also charged that young Walker experienced mental anguish and emotional distress. Skiwski answered and denied the essential allegations of the complaint.
After several discovery skirmishes Skiwski on December 23, 1986, moved for summary judgment. Skiwski supported his application by his own affidavit, the December 9, 1986, affidavit of Dr. Jake S. Vacarella, a pediatrician, and the affidavit of December 15, 1986, of Dr. William C. Gates, Jr., a urologist. The essence of these three affidavits was that Skiwski performed the circumcision consistent with that degree of care, skill and diligence a patient is entitled in law to expect of a physician and that any injury suffered by young Walker was due to causes unrelated to the manner in which Skiwski performed his surgery.
The Walkers responded to the motion asserting that there were genuine issues of material fact entitling them to trial. Following a hearing on the motion, the Circuit Court on January 12, 1987, entered its order granting same and entering judgment for Skiwski summarily and dismissing the Walkers' complaint. It is from that action that the present appeal is prosecuted.

III.
Each physician, by virtue of the positive law of this state, has a non-delegable duty of care to render professional services to each patient
consistent with that objectively ascertained minimally acceptable level of competence he may be expected to apply given the qualifications and level of expertise he holds himself out as possessing and given the circumstances of the particular case.
Hall v. Hilbun, 466 So.2d 856, 871 (Miss. 1985). Injury caused by substantial violations of the physician's duty and the patient's right in this regard may subject the physician to tort liability.
Still, our law has never held a physician or surgeon liable for every untoward result which may occur in medical practice. A physician is not an insurer of the success of his care and treatment. Dazet v. Bass, 254 So.2d 183, 187 (Miss. 1971).
We confront today's appeal in an increasingly familiar posture. The Circuit Court has granted Skiwski's motion for summary judgment. See Rule 56, Miss.R.Civ.P. That Court necessarily found that there existed in the record no genuine issue of material fact and that Skiwski was entitled to judgment as a matter of law.
The grounds rules regarding summary judgment are well settled in a long line of cases beginning with Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). We have applied those guidelines in medical malpractice cases. See, e.g., Phillips By and Through Phillips v. Hull, 516 So.2d 488, 490-94 (Miss. 1987).
In a medical malpractice action the plaintiff has the burden of establishing the content *186 and details of the standard of care to which a physician is held. Boyd v. Lynch, 493 So.2d 1315, 1318 (Miss. 1986); Marshall v. The Clinic For Women, P.A., 490 So.2d 861, 864-65 (Miss. 1986); Hammond v. Grissom, 470 So.2d 1049, 1053 (Miss. 1985); Ross v. Hodges, 234 So.2d 905 (Miss. 1970). Not only that, the Walkers would have the burden at trial of proving Skiwski's failure to conform to that standard.
In reviewing the Walkers' opposition to summary judgment, what stands out is that it is in no way based upon personal knowledge  and in consequence is fatally deficient. The law is quite clear that a party opposing summary judgment must support his claims
by facts sworn to on personal knowledge in depositions, answers to interrogatories or affidavits, or through such other appropriate forms as stipulations of fact or admissions procured under Rule 36, Miss. R.Civ.P.
Hill v. Consumer National Bank, 482 So.2d 1124, 1128 (Miss. 1986). See also Rule 56(e), Miss.R.Civ.P.; Briscoe's Foodland, Inc. v. Capital Associates, Inc., 502 So.2d 619, 622 (Miss. 1986); Pearl River County Board of Supervisors v. Southeast Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984); but see Haygood v. First National Bank of New Albany, 517 So.2d 553, 556 (Miss. 1987) (no objection made in trial court to fact that certificate of value was not based on personal knowledge).
The critical inadequacy in the Walkers' showing is their failure to supply evidence of Skiwski's malpractice in a form which would be competent evidence at trial. More specifically, the Walkers' showing in opposition to summary judgment is garden variety hearsay. They give no credible expert opinion evidence that Skiwski deviated from the required standard of care nor, in fact, did the evidence establish what that standard of care might have been.
Skiwski has supported his motion for summary judgment with three affidavits. First, in the December 9 affidavit of Dr. Jake S. Vacarella, we find the following: Dr. Vacarella performed the follow-up care and surgery on young Walker and thus was in a particularly appropriate position to judge Skiwski's performance. Vacarella stated that he was personally familiar with young Walker, that he was familiar with the standard of care and skill required to be exercised by physicians in performing a circumcision and that Skiwski's efforts comported with the required standard of care and "was done in a proper and competent manner." Vacarella further gave the opinion that young Walker had suffered no injury as a result of the circumcision performed by Skiwski.
Dr. Gates is a urologist. His affidavit reflects that he has reviewed the medical records on young Walker reflecting his care and treatment at the Golden Triangle Medical Center in Columbus from March 22 to March 25, 1984. He also stated that he had reviewed the medical records at Columbus Air Force Base together with photographs of young Walker. Gates further states that he is familiar with the process of performing circumcisions and has on frequent occasions in the past treated patients with problems such as those of young Walker. Dr. Gates then gave his opinion that Skiwski performed the circumcision in a skillful and competent manner and that any untoward results experienced by young Walker were not the result of any negligence or improper performance by Skiwski.[1]
Finally, Skiwski supplies his own affidavit[2] reflecting his training, experience and *187 certification in the field of pediatrics, describing his treatment of and surgery performed upon Herman J. Walker, Jr. Skiwski further states that he was familiar with the standard of care and skill exercised by physicians regarding a circumcision and that he complied therewith in every respect.
The Walkers' opposition to summary judgment is based exclusively upon Herman J. Walker's sworn answers to Skiwski's interrogatories. In those answers, Walker described his son's injury "I would see ... the deformation of my son's penis, and later to see it swell and contract pulse." There were "two white bumps on the head of the penis. There were burning pains sustained by my son when he had to urinate."
The answers to interrogatories then go on to give the opinion that Skiwski had performed the circumcision in a reckless and negligent manner. At no point, however, does Walker suggest that he is competent to render such an opinion.
The Walkers list five expert witnesses each of whom they say is in a position to give an opinion that Skiwski was negligent. These are:
1. Jake S. Vacarella Maj. USAF MC
XXX-XX-XXXX 9366 BDA BDC
USAF Hosp. Columbus, MS 39701
2. Lt. Col. Daphne Richardson, USAF, NC
XXX-XX-XXXX PNP AFSC W97 56B
USAF Hosp. CAFB, MS 39701
3. B. Stewart Snyder, III., Cap. USAF, MC FS
XXX-XX-XXXX FV AFSC 9351
USAF Hosp. Columbus AFB, MS 39701
4. Charles W. Melvin, Capt., USAF MC
XXX-XX-XXXX BDA BDC
USAF Hosp. Columbus AFB, MS 39701
5. Dr. Homer L. Cradall, Pediatrician
Lloyd Nolend's Health Center
701 Ridgeway Road  P.O. Box 538
Fairfield, AL 35064
The Walkers fail to supply the sworn testimony of any of these five individuals in support of their position. As noted above, here lies the fatal deficiency in their opposition to summary judgment.
If the Walkers had supplied the Circuit Court with an affidavit from even one of these five experts which, after the proper predicate, articulated the content of the standard of care and offered an opinion that in the performance of the circumcision on young Walker, Skiwski deviated from that standard of care and that this deviation caused in whole or in part young Walker's injuries, the Circuit Court would have been bound to deny the motion for summary judgment. Instead, however, Herman J. Walker furnishes his own sworn statement that this is what his expert witnesses would say. But such is pure hearsay and Rule 56(e) declares such to be incompetent in support of  or in opposition to  summary judgment.
The Walkers try to save their case by saying that negligent performance of a circumcision is not the sort of medical malpractice that requires expert medical testimony before it may be recognized judicially. Our general rule is that the negligence of a physician may be established only by expert medical testimony. Cole v. Wiggins, 487 So.2d 203, 206 (Miss. 1986). We recognize an exception to this general rule in cases where a layman can observe and understand the negligence as a matter of common sense and practical experience. See Phillips By and Through Phillips v. Hull, 516 So.2d 488, 494 (Miss. 1987); Hammond v. Grissom, 470 So.2d 1049, 1053 (Miss. 1985); Trapp v. Cayson, 471 So.2d 375, 380 (Miss. 1985); Dean v. Conn, 419 So.2d 148, 150-51 (Miss. 1982).
We hold that a circumcision is not the sort of surgical procedure subject to this exception to the general rule. While it may certainly be true that existence of a *188 problem may be detected by the untrained lay eye, we doubt seriously that one lacking expertise in the field is capable of furnishing an opinion of value regarding the competence and skill with which the circumcision was performed by the attending physician.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] The affidavit from Dr. Gates and as well from that of Dr. Vacarella contain the lawyer's touch in the end. First, though physicians often speak in different tongues, we have never heard one use "said" as an adjective instead of a verb. Moreover, each affidavit offers the opinion that the lawsuit the Walkers have filed against Skiwski is "frivolous". Such special pleading is itself frivolous and quite unhelpful to the Court.
[2] There is one aspect of the three affidavits furnished by defense counsel which is less than satisfactory. The language and terms of the affidavits are almost wholly conclusory. They give ultimate opinions with very little in the way of facts and specifics in support. To the point, each of the defense affidavits states that the affiant was familiar with the standard of medical care and treatment regarding circumcisions and that Skiwski conformed thereto. No clue is given us regarding the details and content of that standard of care. For the moment it is sufficient to point out that such affidavits of the sort filed on behalf of Drs. Vacarella, Gates and Skiwski would be far more useful to the Court if they provided facts and details rather than sweeping conclusions.