ROBERTSON, Justice,
dissenting.
If Plaintiff W.B. Crain had not already had 249 days within which to obtain the depositions of Bob Avery, Secretary of the Moose Lodge, and Chief of Police Charles Mosley of the City of Cleveland, I would be far more sympathetic to his plight and to the view the Court takes this day. If Plaintiff had not had some seventy-six days from the date Defendant filed its motion for summary judgment within which to prepare and file his response — and another twenty-eight days before the hearing thereof — I would again be more sympathetic. Because I do not see how one can read the record in this case and conclude that Plaintiff was not given a fair opportunity to obtain discovery and to oppose Defendant’s motion for summary judgment, much less say that the Circuit Court abused its discretion in the premises, I dissent.
The details will flesh out my premises. On July 21, 1986, W.B. Crain filed his suit charging that he was assaulted in the parking lot of the Cleveland Moose Lodge on the evening of February 23, 1985. On August 7, 1986, the Circuit Court entered an order providing that all discovery authorized by the Mississippi Rules of Procedure be completed within ninety (90) days. See Rule 2.08, Miss.Unif.Cir.Ct. Rules. During this time Plaintiff obtained no discovery.
On October 10, 1986, the Circuit Court entered an order extending the discovery deadline to December 23, 1986. As this deadline approached, Plaintiff moved for an additional extension and the Circuit Court entered yet another order extending the discovery deadline, this time until March 23, 1987 — some 249 days from the date of the filing of the complaint.
During this discovery period — as twice extended — Defendant took the deposition of the Plaintiff, W.B. Crain. Insofar as the record reflects, Plaintiff took no depositions.
On April 7, 1987, reasonably believing that discovery was at an end and the pretrial record closed, Defendant moved for summary judgment. Plaintiff Crain promptly moved for sixty days within which to respond to the motion and for a further extension of discovery. Rule 56(f) provides that, when the non-moving party tenders such a motion, the court “may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.” The former part of the motion was in effect granted, for the Circuit Court ordered Plaintiff’s response to be filed on June 22, 1987, some seventy-six days after the motion was filed. The Court refused, however, to reopen discovery. Since Plaintiff had already had eight months to take depositions or obtain discovery, I do not see how it may be said the Court’s order was not “just”.
At the eleventh hour, before the scheduled hearing on the motion for summary judgment, Plaintiff sought to subpoena two witnesses who had given affidavits for Defendant. It is apparent that Plaintiff sought to convert the summary judgment hearing into a mini trial.
Without question, the Circuit Court has the authority to allow or even require oral testimony at a hearing on a motion for summary judgment, see Rule 43(e), Miss.R. Civ.P., and where the Court takes this step, the day will be rare when we will consider *147 that such an abuse of discretion that we will reverse. Cole v. Wiggins, 487 So.2d 203, 206 (Miss.1986). Whether such oral testimony shall be allowed at the hearing is a matter committed to the sound discretion of the trial court, and one of the background factors against which that discretion ought be exercised is whether the party against whom the motion has been made has had a reasonable opportunity to obtain via deposition or other means the evidence desired to be offered at the hearing. Where the trial court denies oral testimony at the summary judgment hearing, we may reverse only where we may articulate why there has been a substantial abuse of discretion. See Bourn v. Tomlinson Interests, Inc., 456 So.2d 747, 749 (Miss.1984).
The majority makes much of the Circuit Court’s decision to quash the subpoena duces tecum issued for Chief of Police Charles Mosley and Moose Lodge Secretary Avery. It is important to bear in mind exactly what those subpoenas would have required.
The subpoena to Chief Mosley had sought his production of all records of the Cleveland Police Department with respect to reports of criminal activity presumably in the area of the Moose Lodge for some five years. Attached as an exhibit to the subpoena is an itemization of incident reports which are far too numerous to count but which include 170 pages in the record. Such matters were arguably subject to discovery under Rule 26(b)(1), Miss.R.Civ.P. I do not doubt Plaintiffs prerogative — within the discovery period — to explore these matters. On the other hand, Plaintiffs subpoena to Chief Mosley is such that common sense suggests the Circuit Court would have been required to set aside several days, if not weeks, for the summary judgment hearing. The nature of the subpoena on its face is such that the Circuit Court was within its discretion in holding, in effect, that this is the sort of matter that should have been developed in discovery.
There is a related point. The Court suggests Chief of Police Mosley was not someone from whom Plaintiff could have obtained a counter-affidavit and, more particularly, that he would have been hostile by reason of the fact he was a member of the Moose Lodge which is the Defendant in this case. To be sure, Chief Mosley was a member of the Moose Lodge, but there is nothing in the record which supports the complaint that he would have been uncooperative with the Plaintiff. If a presumption is indulged, I think it should be to the effect that the Chief of Police will act fairly toward all parties. The fact that Plaintiff has the 170-odd pages of incident reports suggests somebody in the Cleveland Police Department was cooperating with him and makes all the more apparent that Plaintiff could have developed the points at issue during the more than eight months Plaintiff had for discovery.
In the end, this ease boils down to one in which Plaintiff and his attorney had full and fair opportunity to develop their pretrial case. In addition to the original ninety day discovery period, two liberal enlargements were granted. And when the motion for summary judgment was filed, Plaintiff sought and obtained seventy-six days within which to respond and another month in order to prepare for the hearing. The painful reality is that Plaintiff simply failed to take advantage of the time which was reasonably available to him to develop his case. Then at the last minute he issued subpoenas which suggested the likelihood of a hearing that would extend way beyond that time the court had set aside for the matter and, in practical effect, would have resulted in a mini trial on summary judgment. In this day when delay in litigation is one of the citizens’ principal complaints regarding the administration of justice', and where, as here, a plaintiff has been given more than full and fair opportunity to develop his case, I think it most unfortunate that we would hold the trial court has abused its discretion.
ANDERSON, PITTMAN and BLASS, JJ., join in this opinion.