Rachel TERRY, As Administratrix of the Estate of Rachel Hayes, Deceased, and Any and All Legal Heirs of Said Estate Plaintiff

v.

CLINTON HEALTH & REHAB CENTER, Heritage Manor Nursing Home, et al. Defendants

No. 3:99–CV–485WD.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 30, 2000.

---

James A. Stewart, Andy Stewart and Associates, Brandon, for Rachel Terry, Administratrix of the Estate of Rachel Hayes, deceased and any and all legal heirs of said estate, plaintiffs.

Senith C. Tipton, Craig D. Bluntson, Wilkins, Stephens & Tipton, P.A., Jackson, for Clinton Health & Rehab Center, Heritage Manor Nursing Home, John Does, defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before this court are defendant Clinton Health and Rehab Center's motions for summary judgment, filed pursuant to Rules 56(b)[1] and (c),[2] Federal Rules of Civil Procedure. Defendant's two motions for summary judgment attack different aspects of plaintiff's case. Defendant's second motion for summary judgment argues that plaintiff's lawsuit should be dismissed because plaintiff has no medical expert to support her claims of medical malpractice, as is required by the substantive law of Mississippi which governs this lawsuit.

Defendant's first motion for summary judgment addresses the applicable statute of limitations, contending that plaintiff's claims are time-barred. For the reasons which follow, this court is persuaded to grant both motions.

## I. FACTS

The plaintiff's mother, Rachel Hayes, was admitted as a patient at Clinton Health and Rehab Center in May of 1995. After admission, plaintiff and other family members voiced various concerns related to the care rendered for Rachel Hayes by the nursing home. According to the lawsuit filed in this cause, several complaints were made to the Mississippi Department of Health and to others. On February 25, 1996, Rachel Hayes' grandson, Joey McKay, visited the nursing home and complained about a pressure ulcer on Rachel Hayes' right ankle. He promptly had her removed from the Clinton Health and Rehab Center and admitted to St. Dominic Hospital's emergency room for evaluation and treatment. This pressure ulcer ultimately required surgery. During the same hospitalization, Ms. Hayes experienced reduced blood flow to her right leg and required a below-the-knee amputation.

The plaintiff, as the administratrix of the estate of Rachel Hayes, brought the current action on behalf of the estate and the heirs of Rachel Hayes. The defendant timely removed the lawsuit to this federal

---

1. Rule 56(b), Federal Rules of Civil Procedure, provides:

 (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

2. Rule 56(c), Federal Rules of Civil Procedure, provides in pertinent part:

 (c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

forum pursuant to Title 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction under Title 28 U.S.C. § 1332.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. National Railroad Passenger Corporation*, 95 F.3d 396, 399 (5th Cir.1996) (quoting Fed.R.Civ.P. 56(c)). The party seeking summary judgment has the initial burden of attacking the evidence supporting the non-movant's case, *Hirras*, 95 F.3d at 399, or pointing out the lack of any such to support the non-movant's case. In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Rather, the court's clear duty first is to ascertain whether the case features genuine issues of material facts. *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980). If so, a trier of fact must resolve those issues. If not, then the court is to apply the applicable law to determine whether summary judgment is appropriate. Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

## III. JURISDICTION AND SUBSTANTIVE LAW

This court has subject matter jurisdiction over this dispute by virtue of Title 28 U.S.C. § 1332. Plaintiff and the defendants are of diverse citizenship and the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interests. Accordingly, the court is obligated to follow Mississippi substantive law in this diversity action pursuant to the directives of *Erie Railroad Co. v.. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny.

## IV. DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

■ The defendant's second motion for summary judgment argues that the plaintiff had failed to designate an expert in support of her claims drawn under Mississippi's common law of medical negligence and/or malpractice. In Mississippi, expert testimony is required to establish a claim of medical negligence unless the matter at issue is within the common knowledge of laymen. *Walker v. Skiwski*, 529 So.2d 184, 187 (Miss.1988); *Phillips v. Hull*, 516 So.2d 488, 491 (Miss.1987); *Cole v. Wiggins*, 487 So.2d 203, 206 (Miss.1986). The defendant claims that the items of negligence presented by the plaintiff are not within the common knowledge of laymen and without an expert, the plaintiff cannot establish a *prima facie* case.

Pursuant to the court's scheduling order which was in place, the plaintiff was required to designate experts no later than December 20, 1999. Counsel for the plaintiff admitted in arguments before this court that the plaintiff had failed to desig-

nate any expert by the required deadline, had not obtained at the time of oral argument on the motion before the court an expert who was prepared to render opinions in support of her cause of action, and did not expect to be able to locate an expert to support the plaintiff's causes of action in the future. Plaintiff's counsel further agreed that the plaintiff's causes of action required expert testimony in order to establish a *prima facie* case. In light of these admissions and observations, this court determines that the plaintiff cannot present evidence to establish the elements of her causes of action against the defendant and this court will grant the defendant's motion for summary judgment for failure to designate expert witnesses.

## V. DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT

 The defendant's other motion for summary judgment is based upon the defense of the statute of limitations. To determine the applicable limitations on state law claims, a federal court sitting in diversity must look to state law for the controlling prescriptive period. *Abdul–Alim Amin v. Universal Life Insurance Company*, 706 F.2d 638 (5th Cir.1983). The plaintiff's causes of action, in essence, assert medical negligence and/or medical malpractice. Miss.Code Ann. § 15–1–36 establishes a two-year statute of limitation for medical malpractice claims. This statute, though, does not identify nursing homes as one of the types of defendants for which this type of prescription applies. The court's other option is to apply the three-year statute of limitation of Miss. Code Ann. § 15–1–49. Whether this court applies either the two-year statute, § 15–1–36, or the longer three-year statute of limitations, § 15–1–49, the plaintiff's cause of action is still barred.

The plaintiff, Rachel Hayes, was a resident at Clinton Health and Rehab Center. According to the plaintiff's Complaint, on or about "February 25, 1996, Rachel Hayes was admitted to St. Dominic–Jackson Memorial Hospital emergency room for a half dollar-sized pressure ulcer (bed sore) on the right ankle. On or about February 27, 1996, surgery was recommended to remove the ulcer. On or about March 1, 1996, surgery was performed to remove the ulcer. On or about March 6, 1996, Rachel Hayes experienced reduced blood flow below the right knee. Doctors consulted and recommended amputation. On or about March 8, 1996, surgery was performed and the right leg of Rachel Hayes was amputated below the knee."

The defendant contends that the plaintiff's cause of action accrued on February 25, 1996, when the pressure ulcer was discovered and the plaintiff was taken to St. Dominic–Jackson Memorial Hospital for treatment. Considering that the plaintiff's lawsuit was filed on March 5, 1999, the defendant contends that suit was not filed within the more liberal three-year statute of limitations of Miss.Code Ann. § 15–1–49 and, therefore, is time-barred.

The plaintiff asserts that her cause of action did not accrue until March 6, 1996, when doctors made the recommendation to amputate. The plaintiff believes that the amputation was the actual occurrence of damage which marked the accrual of the cause of action, or at the very least manifests a second cause of action.

The initial injury complained of by the plaintiffs is the pressure ulcer which was discovered on February 25, 1996, and was immediately attributed to the defendant. The amputation was the alleged product of the same chain of casualty. No party has demonstrated any facts or circumstances which show a break in the causal relationship of the plaintiff's injury or an interven-

ing superseding incident or injury attributable to the defendant. Pursuant to the plaintiff's own complaint and theory of the case, the pressure ulcer was the injury and the amputation an unfortunate complication. The plaintiff's cause of action thus accrued on February 25, 1996, and was time-barred when filed on March 5, 1999. The court, therefore, will grant the defendant's motion for summary judgment.

### CONCLUSION

This court, therefore, grants both of the defendant's motions for summary judgment for the reasons stated hereinabove.

■ Ordinarily at this point, the court would enter its own judgment dismissing this lawsuit with prejudice. This court shall not do that at this time.

Defendant National Heritage Realty, Inc., filed a voluntary petition under Chapter 11 of Title 11 of the United States Code on January 18, 2000, in the United States Bankruptcy Court for the District of Delaware in Cause No. 00–113(MFW) (jointly administering cases numbered 00–113(MFW) through 00–214(MFW) inclusive). This court is fully aware that a bankruptcy petition triggers an automatic stay pursuant to Title 11 U.S.C. § 362.[3] The automatic stay provisions of the Bankruptcy Code enable bankruptcy courts to take control of all of the assets of the debtor giving the court opportunity to survey the landscape of the debtor's financial condition before reorganizing the estate, thereby preventing a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *See Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986). This stay, in effect, applies to the commencement or continuation of most judicial actions or proceedings against the debtor to obtain possession of property of the estate, freezing activity by a district court in furtherance of pending litigation. *See Sunshine Development v. Federal Deposit Insurance Corp.*, 33 F.3d 106, 113 (1st Cir.1994).

Still, in an effort to educate the Bankruptcy Trustee as to this court's view of this lawsuit's vitality, this court has addressed the issues herein, notwithstanding the automatic stay, but committed to withdrawing this Opinion should any proper party object to the court's ruling during the automatic stay. Should no party offer an objection on this ground, once the automatic stay is lifted, this court will re-affirm the conclusions and reasoning herein, and then enter a final judgment.

---

**3.** Title 11 U.S.C. § 362 states:

§ 362 Automatic Stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title ....