851 So.2d 436 (2003)
Raymond C. GIUFFRIA, Appellant,
v.
Dr. Milton CONCANNON, Appellee.
No. 2002-CP-00376-COA.
Court of Appeals of Mississippi.
August 5, 2003.
*437 Raymond C. Giuffria, appellant, pro se.
Matthew D. Miller, attorney for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
KING, P.J., for the court.
¶ 1. Raymond C. Giuffria filed suit against Dr. Milton Concannon alleging negligence in installing a pacemaker. The trial court dismissed Giuffria's claim with prejudice finding that he failed to provide expert medical testimony to support his claim.
¶ 2. Giuffria has filed a pro se appeal. We find no basis for reversal.

FACTS
¶ 3. Giuffria in his original complaint alleged that Dr. Concannon was negligent in installing a pacemaker on March 30, 1999. On April 3, 1999, Giuffria returned to the hospital complaining that his pacemaker was malfunctioning. Dr. Concannon performed a subsequent procedure to disconnect the atrial lead, which was the cause of the pacemaker malfunction.
¶ 4. Dr. Concannon answered the complaint and propounded discovery requests from Giuffria concerning any expert witness he had to support his claim of medical malpractice. Giuffria provided medical documents from two treating physicians at Oschner Hospital. Neither document referred to Dr. Concannon or specifically stated that there was negligence in the treatment of Giuffria.
¶ 5. On July 20, 2001, Dr. Concannon filed a motion to compel after Giuffria failed to respond to the discovery requests. After a hearing on August 20, 2001, the court entered an order requiring Giuffria to provide, under oath, expert opinion testimony to support his allegations of medical negligence.
¶ 6. On November 11, 2001, Giuffria filed a motion to amend his complaint to add a claim of fraud. Dr. Concannon filed a response to this motion, requesting that the court enter an order requiring Giuffria to plea his fraud claim with particularity, as required by M.R.C.P. 9(b). On November 16, 2001, Giuffria filed his "Complaint for Fraud," without obtaining leave of court.
¶ 7. On November 27, 2001, the trial judge entered an order giving Giuffria until November 30, 2001, to comply with Rule 9(b) and specify the elements of fraud alleged and set a hearing for December 17, 2001.
¶ 8. On December 4, 2001, Dr. Concannon filed a motion to dismiss, on the grounds that Giuffria had failed to provide expert witness testimony as required by the court's previous order and that Giuffria failed to meet the requirements of M.R.C.P. 9(b) in alleging fraud, as required by the court's November 27, 2001 order.
¶ 9. At the hearing on December 17, the trial judge found that Giuffria had failed to plead fraud with particularity and dismissed the fraud claim with prejudice. *438 The court found the fraud claim was based solely on the medical malpractice claim. The court then gave Giuffria until January 17, 2001, to produce competent expert medical testimony under oath in support of the medical negligence claim. On January 25, 2002, the court entered an order dismissing Giuffria's complaint with prejudice.
¶ 10. On February 6, 2002, Giuffria filed a "Motion for Mistrial," alleging "irregularities" in the court's rulings. The motion was denied on February 22, 2002, and Giuffria filed his notice of appeal on March 8, 2002.

ANALYSIS
¶ 11. The pro se brief filed by Giuffria does not state any specific issues for consideration and fails to cite to any legal authority. On this basis alone, the Court is not required to further consider this appeal.
¶ 12. The law is well established in Mississippi that this Court is not required to address any issue that is not supported by reasons and authority. Hoops v. State, 681 So.2d 521, 535 (Miss.1996) (citing Pate v. State, 419 So.2d 1324, 1325-26 (Miss. 1982)); Varvaris v. Perreault, 813 So.2d 750 (Miss.Ct.App.2001). M.R.A.P. 28(a)(1)(6) gives the requirements for the argument in an appellate brief: "The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon." The Court finds that Giuffria has totally failed to present any appropriate argument on appeal and the judgment of the circuit court is affirmed.
¶ 13. The appellee also argues that the appeal taken in this case was not timely. The "Motion for Mistrial" filed on February 15, 2001, was filed twenty-one days after the order of dismissal and the notice of appeal was filed on March 8, 2002, twelve days after the thirty-day time period to perfect an appeal under M.R.A.P. 4(a).
¶ 14. The thirty day period under Rule 4(a) can be tolled or suspended with the filing of post-judgment motions under M.R.A.P. 59 or 60. Rule 60 motions must be filed within ten days after the date of the entry of the judgment, as stated in M.R.A.P. 4(d).
¶ 15. The Court notes that other motions or documents were received by the trial judge from Giuffria after the order of dismissal and have not been provided to this Court on appeal. Because of these apparent omissions from the record and because this appeal can be decided on other grounds, the Court notes but does not address the question of the timeliness of the appeal.
¶ 16. Despite Giuffria's failure to provide this Court with any legal authority in support of his appeal, the Court finds that there is ample authority in support of the trial court's decision to dismiss the complaint. Mississippi case law generally demands that a plaintiff in a medical malpractice action employ expert testimony to establish failure by the defendant physician to adhere to the minimum standard of care. Kelley v. Frederic, 573 So.2d 1385, 1387 (Miss.1990); Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346, 1354-55 (Miss.1990); Phillips By and Through Phillips v. Hull, 516 So.2d 488, 491 (Miss.1987); Cole v. Wiggins, 487 So.2d 203, 205 (Miss.1986). "[I]n a medical malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care." Hull, 516 So.2d at 491; see also Walker v. Skiwski, 529 So.2d 184, 187 (Miss.1988) ("Our general rule is that *439 the negligence of a physician may be established only by expert medical testimony."). An expert is necessary to identify the action or inaction which allegedly constituted a breach of duty and which proximately caused the patient's injury. Hull, 516 So.2d at 491; Hall, 466 So.2d at 870-73.
¶ 17. Giuffria was given numerous opportunities by the trial court to provide medical expert testimony to support his claim against Dr. Concannon. The court correctly dismissed the medical negligence claim and the fraud claim based on medical negligence against Dr. Concannon.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.