MCMILLIN, C.J.,
for the court.
¶ 1. This is an appeal from a defendant’s verdict returned by a Harrison County, First Judicial District, Circuit Court jury in a medical malpractice action. Steven Nichols sought recovery for damages against Dr. Michael Moses, a surgeon who performed an operation intended to correct problems related to a Koch Pouch previously implanted in Nichols. Nichols advanced several alternate theories of liability on the part of Dr. Moses that generally dealt with claims that the surgery was unnecessary and unhelpful in relieving the problem or that the surgery was negligently performed. The issue presented on appeal involves Nichols’s contention that the jury was not properly instructed on the applicable law. We do not find the matters raised in regard to the instructions to rise to the level of reversible error and, for that reason, we affirm the judgment of the circuit court.
I.
Facts
¶ 2. A detailed recitation of the underlying facts does not appear necessary to an understanding of the issues presented in this appeal. In summary, the evidence showed that Nichols had previously undergone a surgical procedure for removal of his large intestine. In 1982, an additional surgery was performed to implant a Koch Pouch — a device that permits the collection of intestinal discharge from the small intestine for periodic removal. In 1997, Nichols began to experience difficulties, including vomiting, nausea, and an inability to eat solid food. Ultimately, Dr. Moses, the treating physician, determined that Nichols had scar tissue or adhesions causing a blockage of the intestinal tract. The suggested remedy was a surgical procedure called an enteroenterostomy, which involves making a new or additional entry from the intestinal tract into the pouch.
¶ 3. After some initial improvement, Nichols began to experience distress once again and he was transferred to the care of Dr. Pollack, a Florida physician with substantial experience with the Koch Pouch. Dr. Pollack determined that another surgical procedure was indicated, but was unable to perform the surgery because of inflammation and swelling in the intestines. After a difficult period of confined bed rest, Nichols improved enough for surgery and Dr. Pollack discovered an adhesion in the small intestines that was causing an obstruction. After Dr. Pollack’s surgery, Nichols recovered.
¶ 4. In his suit against Dr. Moses, Nichols alleged the following actions or omissions constituted a deviation from the standard of care required of a physician in Dr. Moses’s circumstance: (a) that the initial surgery was not indicated because there was no intestinal blockage at the time; (b) that Dr. Moses should have done a retrograde dye flush prior to surgery, which would have plainly shown the existence of any blockages or obstructions that did, in fact, exist; and (c) that the surgery itself was negligently performed, causing a twist or kink in the intestinal tract that led to the post-operation problems corrected by Dr. Pollack.
¶ 5. In attempting to fashion jury instructions that would properly and fairly *1044 instruct the jury as to the law applicable to Nichols’s various alternate theories of liability, the attorneys and the trial court engaged in extended discussion and the pivotal instruction ultimately given as Instruction D-5C was substantially redrafted at the direction of the trial court. The full text of the instruction is quoted in Addendum A to this opinion; however, only certain excerpts from the language of the instruction are essential to an understanding of the central issue argued by Nichols to constitute reversible error. At the insistence of defense counsel, the instruction was modified to instruct the jury that Nichols was required to establish the elements of his negligence claim by a “preponderance of the evidence through medical expert testimony.” (emphasis added). Additionally, at its conclusion, the instruction contained the following sentence: “However, if you believe from the evidence in this case that the Plaintiff Nichols has failed to prove any one of the foregoing elements by a preponderance of the evidence through medical expert testimony in this case, then your verdict shall be for the Defendant Moses.” (emphasis added).
¶ 6. Nichols maintains that the phrase “through medical expert testimony” was an improper addition to the instruction that had the effect of unduly limiting the jury in its consideration of all the evidence and, instead, singling out medical expert testimony as the only evidence to be considered by the jury.
¶ 7. We conclude that this additional phrase inserted into the instruction was not advisable and unhelpful to the jury in its deliberations. However, as Nichols himself concedes in his brief, the phrase does represent an accurate statement of the law regarding proof of negligence in a medical malpractice case. The problem with the addition of the phrase to a jury instruction is that, in our view, it does nothing to aid the jury in its deliberations and is, thus, mere surplusage. Because of the complexity that often arises in attempting to properly instruct a jury in a complicated medical malpractice case or other litigation involving intricate and difficult issues, it is important, in an effort to avoid potential confusion, to winnow out uninstructive passages such as this rather than to add to them phrase upon modifying phrase until even the most conscientious juror’s ability to be enlightened and assisted is strained to the breaking point.
¶ 8. There is no doubt, as Nichols concedes, that the circumstances of this case bring it under the general proposition that negligence in the provision of medical treatment must be proven through expert medical testimony. Walker By and Through Walker v. Skiwski, 529 So.2d 184, 187 (Miss.1988) (citing Cole v. Wiggins, 487 So.2d 203, 206 (Miss.1986)). However, this long-standing rule of law in this state concerns itself more with such issues as witness competency, admissibility of evidence, and the legal sufficiency of the plaintiffs case than it does with the proper instruction of the jury. The proper considerations are all matters that fall within the province of the trial court to control and, to the extent they are properly handled by the trial court, they have already been satisfactorily resolved according to the law before the jury is instructed and the controversy is submitted for decision.
¶ 9. If, for example, the plaintiff is unable to satisfy the trial court that he will be able to present competent expert medical testimony to support his malpractice claim, he may find himself out of court on a summary judgment motion before a jury is assembled. See, e.g., Mallet v. Carter, 803 So.2d 504 (Miss.Ct.App.2002). Also, it is singularly within the province of the trial court, as a part of its duty to control the flow of evidence admitted at *1045 trial, to make a determination as to whether a proffered witness possesses the necessary expertise to offer expert opinion evidence on the critical disputed issues of a malpractice case. M.R.E. 702; See, e.g., Pharr v. Anderson, 436 So.2d 1357 (Miss.1983). If, during the course of the trial, some attempt is made to present such opinion evidence from a witness not qualified to do so, it is the trial court’s responsibility to prevent that evidence from reaching the jury upon timely objection. See, e.g., Roberts v. Grafe Auto Co., Inc., 701 So.2d 1093 (Miss.1997). And, ultimately, as the last stop before submission of a malpractice case to the jury, it is within the trial court’s realm of responsibility to review the evidence and, upon reaching the conclusion that the plaintiff has failed to present competent expert testimony relating to the applicable standard of care and the manner in which it was breached, to direct a verdict for the defendant.
¶ 10. Thus, if the trial has been properly conducted, the plaintiff will have presented the necessary expert opinion evidence from one or more witnesses determined in advance by the trial court to be qualified to express such opinions, and the jury will have been properly instructed as to what particular findings of fact are necessary, under the law, to establish a legitimate claim of negligence. In that situation, there is no necessity for inserting the phrase “through medical expert testimony” as a limiting condition on the jury’s deliberations since such evidence would necessarily be the only evidence presented to them at trial on those particular issues. Only if the trial court had previously erred in admitting incompetent evidence as to the plaintiffs theory regarding the defendant’s deviation from the applicable standard of care would there be any evidence in the record other than “medical expert testimony” for the jury to consider. Such a situation presents an evidentiary problem to be resolved by the trial court or an appellate court and is not something that the jury can resolve in its deliberations by disregarding certain aspects of the proof. If no such inadmissible evidence found its way into the record, then the only other factor possibly affecting the jury’s deliberations would be that it might give way in its deliberative process to conjecture or speculation. Certainly, for the jury to permit such extraneous matters to enter into its deliberative process is contrary to the law, but it is highly doubtful that a jury so inclined would be restrained by the addition of the disputed phrase to the instructions given it by the trial court.
¶ 11. In summary, though we find the additional language unhelpful and having the result of making the jury instructions cumbersome and thus potentially more confusing than they necessarily have to be, we note that the phrase does accurately reflect the law relating to malpractice cases. We also observe that Nichols has been unable to present this Court with a convincing argument as to exactly how this legally correct but unhelpful surplusage actually prejudiced him on the facts of this case. In particular, he points to no competent evidence in the record that is favorable to his theory of the case that the additional phrase in the instructions might have caused the jury to ignore.
¶ 12. The case was vigorously tried and both sides were able to present evidence tending to show that party’s right to prevail. The jury was fairly instructed as to those necessary facts that it must have found to return a verdict for Nichols and the jury returned a verdict in favor the defendant, Dr. Moses. While we do not approve of the insertion of the phrase “through medical expert testimony” as a standard practice in drafting jury instructions in medical malpractice cases, we do *1046 not think that, in this case, its inclusion so improperly affected the jury in its deliberations that the verdict ought to be reversed.
¶ 13. Dr. Moses filed a cross-appeal raising several issues. Our decision to affirm the jury’s verdict in his favor on the direct appeal renders the cross-appeal moot.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED AS TO THE DIRECT APPEAL. THE CROSS-APPEAL IS RENDERED MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.
Addendum A

JURY INSTRUCTION D-5C

The Court instructs the jury that if the Plaintiff establishes by a preponderance of the evidence through medical expert testimony in this case that:
1. the Plaintiff did not have a small bowel obstruction at the time Dr. Moses performed surgery on April 11, 1997, and
2. the decision of Dr. Moses to perform an enteroenterostomy during the surgery of April 11, 1997, constituted a failure by Dr. Moses to exercise that degree of care and skill which a minimally competent general surgeon practicing in the United States would have exercised in the same or similar circumstances and
3. the enteroenterostomy performed by Dr. Moses was a proximate contributing cause of injury and/or damage to the Plaintiff, Steven R. Nichols then your verdict shall be for the Plaintiff.
However, if you believe from the evidence in this case that the Plaintiff Nichols has failed to prove any one of the foregoing elements by a preponderance of the evidence through medical expert testimony in this case, then your verdict shall be for the Defendant Moses.